1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL DEAN,

11            Plaintiff,                    No. CIV S-11-1044 GEB DAD PS

12        v.

13   JAN P. JOHNSON,                        ORDER

14            Defendant.

15   _____/

16          Plaintiff, Michael Dean, proceeding in this action pro se, has requested leave to

17   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This matter was referred to the

18   undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted an in forma pauperis application that makes the showing

20   required by 28 U.S.C. § 1915(a)(1).  Plaintiff's request for leave to proceed in forma pauperis

21   will therefore be granted.

22          The determination that plaintiff may proceed in forma pauperis does not complete

23   the inquiry required by the statutes.  Under 28 U.S.C. § 1915(e)(2), the court must dismiss the

24   complaint at any time if the court determines that the pleading is frivolous or malicious, fails to

25   state a claim on which relief may be granted, or seeks monetary relief against an immune

26   defendant.  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

                                            1

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

2   (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

3   based on an indisputably meritless legal theory or where the factual contentions are clearly

4   baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

5                To state a claim on which relief may be granted, the plaintiff must allege "enough

6   facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

7   U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

8   accepts as true the material allegations in the complaint and construes the allegations in the light

9   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

10  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

11  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

12  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

13  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

14  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

15               The minimum requirements for a civil complaint in federal court are as follows:

16           A pleading which sets forth a claim for relief . . . shall contain (1) a
             short and plain statement of the grounds upon which the court's
17           jurisdiction depends . . . , (2) a short and plain statement of the
             claim showing that the pleader is entitled to relief, and (3) a
18           demand for judgment for the relief the pleader seeks.

19  Fed. R. Civ. P. 8(a).

20               Here, plaintiff's complaint is deficient in several respects.  First, plaintiff's

21  complaint does not contain a short and plain statement of the grounds upon which the court's

22  jurisdiction depends.  Federal courts are courts of limited jurisdiction and may adjudicate only

23  those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377

24  /////

25  /////

26  /////

(1994); <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  <u>Casey v. Lewis</u>, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 546 (1986)).  Because of the presumptive lack of jurisdiction, a plaintiff's complaint is required to contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).  Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings.  <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).  The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction.  <u>Kokkonen</u>, 511 U.S. at 377; <u>see also</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Second, plaintiff's entire complaint reads as follows:

MISTAKEN IDENTITY WRONG TAX RETURNS CLAIMING THAT DEPTOR (sic) FILED RETURN WRONG ON SSI I DO NOT FILE TAX RETURNS ...COURT ORDER TO DEBTOR TO PROVIDE TAX RETURNS AT HEARING COURT CHANGES VENUE AND ORDERS DISMISSAL WITHOUT PRIOR TO SHOW INTENT FORM 23 IS EXAMPLE NEGLIGENCE AND MISTAKEN IDENTITY[.]

/////

---

[1] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; <u>see also</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 697-99 (1992).

TO EVICT DEBTOR ON GROUNDS OF MISSING TO FILE
PAPER COURT MUST PROVIDE INTENT AND HABEAS
CORPUS[.]

AND UNDER US (sic) CONSTITUTION FACTS UNDER
CRUEL AND UNUSUAL PUNISHMENT[.]

These allegations are vague, conclusory and nearly incomprehensible.  In this regard, plaintiff's complaint does not provide any factual allegations, does not present any allegations referring to the named defendant, Jan P. Johnson, does not contain a short and plain statement of a claim showing that plaintiff is entitled to relief, and does not state the relief that plaintiff seeks. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and allege facts that state the elements of the claims both plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support the plaintiff's claims.  See id.

Third, plaintiff has indicated on the civil cover sheet filed with his complaint that his cause of action is "FRAUDULENT CHARGES."[2]  (Civil Cover Sheet (Doc. No. 1-1) at 1.) When a plaintiff raises claims of fraud, "the circumstances constituting fraud ... shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'"  Bly–Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Pursuant to Rule 9(b), a plaintiff

---

[2]  In his complaint plaintiff cites 11 U.S.C. § 1307, which concerns conversion or dismissal of a Chapter 13 Bankruptcy Court proceeding, without providing any further information or explanation.  (Civil Cover Sheet (Doc. No. 1-1) at 1.)

1   alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons,

2   statements and explanations of why allegedly misleading statements are misleading.  In re

3   GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba–Geigy

4   Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th

5   Cir. 1995).[3]  Here, plaintiff has failed to plead the minimum evidentiary facts required under

6   Rule 9(b).

7            Finally, plaintiff has also indicated on the civil cover sheet filed with his

8   complaint that the "Nature of Suit" is an appeal from a Bankruptcy Court proceeding brought

9   pursuant to 28 U.S.C. § 158.  (Civil Cover Sheet (Doc. No. 1-1) at 1.)  Plaintiff filed as "Exhibit

10  A" to his complaint a copy of a document titled "TRUSTEE'S MOTION TO DISMISS" from

11  plaintiff's bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District

12  of California, Sacramento Division, Case No:11-21458-B-13J.  (Compl. (Doc. No. 1) at 2.)  A

13  district court has jurisdiction to hear appeals from a bankruptcy court pursuant to 28 U.S.C.

14  158(a).  The bankruptcy court's interpretations of the Bankruptcy Code and conclusions of law

15  are reviewed de novo by the district court.  Blausey v. United States Trustee, 552 F.3d 1124,

16  1132 (9th Cir. 2009) (citations omitted).  The Bankruptcy Court's factual findings are reviewed

17  for clear error.  Id.[4]  Factual review under this standard requires deference to the Bankruptcy

18  Court.  McClure v. Thompson, 323 F.3d 1233, 1240 (9th Cir. 2003).  An appellant's notice of

19  appeal shall be filed with the clerk of the court within fourteen days of the Bankruptcy Court's

20  order.  Fed. R. Bankr. P. 8002(a).  Here, plaintiff has filed a civil complaint in the district court,

21

22          [3] Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include
    a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and
23  damages.'" Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting
    Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

24          [4] Clear error is not demonstrated by pointing to conflicting evidences in the record.
    National Wildlife Federation v. National Martine Fisheries Service, 422 F.3d 782, 795 (9th Cir.
25  2005).  Instead, if the trial court's account of the evidence is plausible in light of the record
    viewed in its entirety, the reviewing court may not reverse it even though convinced that, had it
26  been sitting as the trier of fact, it would have weighed the evidence differently.  Id.

1    not an appeal.  It is thus unclear from his complaint whether plaintiff is seeking to appeal a ruling

2    in his Bankruptcy Court proceeding or if he is seeking to bring independent civil claims against

3    the named defendant.

4            For all the reasons cited above, plaintiff's complaint will be dismissed for failure

5    to state a claim upon which relief can be granted.

6            The undersigned has carefully considered whether plaintiff may amend his

7    complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

8    amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

9    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

10   Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

11   while leave to amend shall be freely given, the court does not have to allow futile amendments).

12   However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

13   dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

14   support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

15   1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v.

16   Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

17   amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

18   cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir.

19   1988)).

20           Here, because of the vague and conclusory nature of the allegations in plaintiff's

21   complaint the court cannot say that it appears beyond doubt that leave to amend would be futile.

22   Plaintiff's original complaint will therefore be dismissed, and he will be granted leave to file an

23   amended complaint.  Plaintiff is advised that the court cannot refer to a prior pleading in order to

24   make an amended complaint complete.  Local Rule 15-220 requires that any amended complaint

25   be complete in itself without reference to prior pleadings.  The amended complaint will

26   supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in

an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise but complete factual allegations describing the conduct and events which underlie the claims.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's April 19, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted.

2.  The complaint filed April 19, 2011 (Doc. No. 1) is dismissed with leave to amend.

3.  Within thirty (30) days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint".

4.  Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: June 20, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\dean1044.ifp.lta.ord

7