IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEAN,

      Plaintiff,                         No. CIV S-11-1044 GEB DAD PS

    v.

JAN P. JOHNSON,                    FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

      Plaintiff, Michael Dean, is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's amended complaint.

      Under 28 U.S.C. § 1915(e)(2), the court must dismiss the complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably

/////

1  meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's amended complaint is deficient in several respects.[1]  First, plaintiff's amended complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511

/////
/////
/////

---

[1] The court notes that these deficiencies in plaintiff's amended complaint were also identified by the court in its order dismissing plaintiff's original complaint with leave to amend.

2

1   U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[2] "Federal courts are
2   presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"
3   Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch.
4   Dist., 475 U.S. 534, 546 (1986)).  Because of the presumptive lack of jurisdiction, a plaintiff's
5   complaint is required to contain "a short and plain statement of the grounds for the court's
6   jurisdiction." Fed. R. Civ. P. 8(a).  Lack of subject matter jurisdiction may be raised by the court
7   at any time during the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d
8   593, 594-95 (9th Cir. 1996).  The burden of establishing jurisdiction rests upon plaintiff as the
9   party asserting jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S.
10  528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so
11  insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal
12  controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83
13  (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is
14  "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack
15  of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
16  "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter
17  jurisdiction . . . and may be dismissed sua sponte before service of process.").

18         Second, the facts alleged in plaintiff's amended complaint read as follows in their
19  entirety:

> ON MARCH 16 2011 IN BC, CT ORDER WAS ISSUED TO
> PRODUCE TWO TAX RETURNS AFTER COMPLYING ON
> APRIL 7 2011 COURT ORDERS DISMISSAL APPEAL WAS
> MADE AFTER PLEA TO COURT TO CONSIDER MY
> HEALTH CONDITION [HAD HEART ATACK] (sic) COURT
> IGNORES MY HEALTH STATUS WHERE COURT DOES
> NOT ACCOMMODATE (sic) DISABILITY ACT OF FED,
> RULE JAN P JOHNSON INTRODUCED WRONGFUL

---

[2] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

CHARGES.
(Am. Compl. (Doc. No. 4) at 2.)

These allegations are vague, conclusory and nearly incomprehensible. In this regard, plaintiff's amended complaint provides almost no factual allegations, does not present any allegations referring to the named defendant, Jan P. Johnson, and does not contain a short and plain statement of a claim showing that plaintiff is entitled to relief. Instead, plaintiff's amended complaint merely asserts five causes of action against "all defendants" without naming any additional defendants, without alleging any facts relating to Jan Johnson, the lone named defendant, and without providing sufficient factual allegations to state a claim to relief that is plausible on its face.[3] (Am. Compl. (Doc. No. 4) at 3-5.) Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and allege facts that state the elements of the claims both plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity specific acts which each defendant engaged in that support the plaintiff's claims. Id.

Finally, the factual allegations found in plaintiff's amended complaint refer to proceeding in "BC." (Am. Compl. (Doc. No. 4) at 2.) Presumably, plaintiff is referring to proceedings in Bankruptcy Court. A district court has jurisdiction to hear appeals from a bankruptcy court pursuant to 28 U.S.C. 158(a). The bankruptcy court's interpretations of the Bankruptcy Code and conclusions of law are reviewed de novo by the district court. Blausey v. United States Trustee, 552 F.3d 1124, 1132 (9th Cir. 2009) (citations omitted). The Bankruptcy

---

[3] The undersigned notes that plaintiff has pursued nearly identical claims, based on different factual allegations, in amended complaints filed in other matters in this court. See Dean v. Spring Leaf Financial Services Inc., No. 2:11-cv-01758 JAM KJN, 2011 WL 2968976 (E.D. Cal. July 20, 2011) (dismissing with leave to amend amended complaint filed on July 18, 2011 (Doc. No. 5)); Dean v. Springleaf Financial Services, Inc., No. CIV S-11-1037 FCD DAD (E.D. Cal. 2011), amended complaint filed May 24, 2011 (Doc. No. 5); Dean v. Springleaf Financial Services, No. CIV S-11-1192 KJM CMK (E.D. Cal. 2011), amended complaint filed June 30, 2011 (Doc. No. 5). A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

Court's factual findings are reviewed for clear error. Id.[4] Factual review under this standard requires deference to the Bankruptcy Court. McClure v. Thompson, 323 F.3d 1233, 1240 (9th Cir. 2003). An appellant's notice of appeal must be filed with the clerk of the court within fourteen days of the Bankruptcy Court's order. Fed. R. Bankr. P. 8002(a). Here, however, plaintiff has filed a civil complaint in the district court, not an appeal. It is thus unclear from his amended complaint whether plaintiff is seeking to appeal a ruling in his Bankruptcy Court proceeding or if he is seeking to bring independent civil claims against the named defendant.

For all the reasons cited above, plaintiff's amended complaint will be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may further amend his complaint to establish a jurisdictional basis for proceeding in federal court and to state a cognizable federal claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the nature of the allegations, the deficiencies noted above and the fact that plaintiff was unable to successfully amend his complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's July 18, 2011 amended complaint (Doc. No. 4) be dismissed without leave to amend; and

---

[4] Clear error is not demonstrated by pointing to conflicting evidences in the record. National Wildlife Federation v. National Martine Fisheries Service, 422 F.3d 782, 795 (9th Cir. 2005). Instead, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Id.

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2011.

_____

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\dean1044.dwol.f&rs